■ 2-10 JERUSALEM AVENUE REALTY, LLC, Respondent, v UTICA FIRST INSURANCE COMPANY, Appellant, et al., Defendant. [878 NYS2d 358]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered August 8, 2008, which, in a declaratory judgment action involving defendant insurer's obligation to defend and indemnify plaintiff in an underlying action for personal injuries sustained on commercial premises owned by plaintiff and leased to defendant's named insured, insofar as it denied the insurer's motion for summary judgment declaring that it is not obligated to defend and indemnify the owner in the underlying action, and granted the owner's motion for summary judgment declaring that it is an additional insured on the policy entitled to a defense and indemnification in the underlying action, unani-

mously reversed, on the law, without costs, the insurer's motion for summary judgment granted, the owner's motion for summary judgment denied, and it is declared that the insurer is not obligated to defend and indemnify the owner in the underlying action. Appeal from order, same court and Justice, entered April 2, 2008, which, insofar as appealed from, denied the insurer's motion for summary judgment, unanimously dismissed, without costs, as superseded by the appeal from the August 8, 2008 order.

The owner's tenant met with the insurer's agent on February 24, 2006, during the workday, and signed a writing requesting retroactive cancellation of the subject policy as of 12:01 A.M. on February 24, 2006. The accident involved in the underlying action also occurred on February 24, certainly after 12:01 A.M., although the exact time of day is not clear. There is no indication, or claim, that either the tenant or the insurer's agent was aware of the accident when they met and agreed to cancel the policy effective some hours earlier the same day. It does not avail the owner to argue that since the policy permits cancellation only as of a "future date" specified in a written notice, and since the written notice here did not specify a date in the future, the cancellation could not have been effective, under the "midnight rule" explained in *Savino v Merchants Mut. Ins. Co.* (44 NY2d 625, 629-630 [1978]) until at least the day after the accident. Any policy limitation on retroactive cancellation would be for the sole benefit of the insurer—protecting it against an insured who waits until the end of the policy period and, when no accidents have occurred, sends a retroactive cancellation to avoid paying for the policy—and thus could be waived by the insurer (*cf. Matter of Country-Wide Ins. Co. v Wagoner*, 57 AD2d 498 [1977] [policy requirement that cancellation request by insured be in writing is for benefit of insurer and may be waived by insurer], *revd on other grounds* 45 NY2d 581 [1978]). We therefore find that the policy was cancelled effective 12:01 A.M. on February 24, as the tenant requested (*cf. Savino*, 44 NY2d at 630 [parties may particularize as to the time of day when a cancellation is to be effective]), and was not in effect when the accident involved in the underlying action occurred some time later that day. Concur—Andrias, J.P., Friedman, Acosta and DeGrasse, JJ.