New York Mar. & Gen. Ins. Co. v Kookmin Best Ins. Co., Ltd. (2024 NY Slip Op 06543)

New York Mar. & Gen. Ins. Co. v Kookmin Best Ins. Co., Ltd.

2024 NY Slip Op 06543

Decided on December 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 24, 2024

Before: Kern, J.P., Singh, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 653300/19 Appeal No. 3318 Case No. 2024-02041 

[*1]New York Marine and General Insurance Company et al., Appellants,
v
Kookmin Best Insurance Company, Limited, Respondent.

Weber Gallagher Simpson Stapleton Fires & Newby LLP, New York (Kathleen J. Devlin of counsel), for appellants.
Chartwell Law, New York (Achille Alipour of counsel), for respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about March 19, 2024, which granted plaintiffs' motion to reargue the motion for summary judgment of defendant Kookmin Best Insurance Company, Limited (KBIC) and plaintiff's motion for summary judgment, and, upon reargument, adhered to its prior determination dismissing the complaint, unanimously modified, on the law, solely to declare that KBIC was not obligated to provide plaintiff 3105 Decatur Associates LLC (Decatur) a defense and indemnification in the underlying personal injury action, and otherwise affirmed, without costs.
The court properly granted KBIC's motion for summary judgment dismissing the complaint and denied plaintiffs' motion for summary judgment. It is undisputed that KBIC and its insured did not have notice of the accident forming the basis of the underlying action's negligence claim at the time that they agreed to retroactively cancel KBIC's insurance policy. The risk assumed by KBIC therefore never "fully matured into a responsibility" before KBIC and its insured retroactively cancelled their policy, so that cancellation was an effective ground to disclaim coverage to Decatur (Cosmopolitan Mut. Ins. Co. v Lumbermen's Mut. Cas. Co., 20 NY2d 145, 152 [1967]; see also 2-10 Jerusalem Ave. Realty, LLC v Utica First Ins. Co., 62 AD3d 481 [1st Dept 2009]).
In Cosmopolitan Mut. Ins. Co., the Court of Appeals noted that "[a]n insured and an insurer are, of course, free to agree upon the 'cancellation flat' of a binder before matured risk and, so long as the rights of no third party are affected . . . , there is no reason why an insured may not effectively cancel 'flat' even after the occurrence of an insurable accident" (20 NY2d at 152). Contrary to plaintiffs' contention, the Court did not view the point at which a risk "matures" as being the same as the occurrence of an insurable accident. Indeed, in 2-10 Jerusalem Ave. Realty, LLC, this Court determined that the retroactive cancellation of an insurance policy was effective where neither the tenant nor the insurer's agent were aware of an accident that occurred the same day the cancellation was initiated (62 AD3d at 482).
We modify solely to declare that KBIC was not obligated to provide Decatur a
defense and indemnification in the underlying personal injury action (see Lanza v Wagner, 11 NY2d 317, 334 [1962], cert denied 371 US 901 [1962]).
We have considered plaintiffs' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 24, 2024